**Karey CORREA, Plaintiff—Appellant,**

v.

**HAWAIIAN AIRLINES, INC., a corporation; Roy Aukai, individually and in his capacity as a Regional Manager, Supervisor; Ron Narimatsu, individually and in his capacity as Station Manager, Defendants—Appellees.**

No. 01–17347.

D.C. No. CV–00–00683–SOM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 2002.

Decided Dec. 5, 2002.

Before SCHROEDER, Chief Judge, ALARCÓN and FISHER, Circuit Judges.

MEMORANDUM *

Plaintiff-appellant, Karey Correa, appeals from the district court's summary judgment in this Title VII action in favor of defendants-appellees, Hawaiian Airlines and their supervisory employees. The gravamen of her complaint was that the defendants violated Title VII by retaliating against her for filing an administrative complaint for sexual harassment and discriminated against her in filling a new position.

Although the plaintiff pursued administrative remedies for the alleged harassment, she did not file any administrative complaint for the alleged retaliation and discrimination, which occurred after the state agency had completed its investigation and after the state and federal agencies had issued right-to-sue letters on the harassment claim. The district court therefore did not err in dismissing her complaint for failure to exhaust administrative remedies as required by both federal and Hawaii state employment-discrimination law. 42 U.S.C. § 2000e–5; Haw. Rev.Stat. §§ 368, 378.

Appellant argues that the district court nevertheless could have heard the claims because they are "like or reasonably related" to the allegations in her administrative complaint. *See Green v. Los Angeles County Superintendent of Schools,* 883 F.2d 1472, 1475–76 (9th Cir.1989). The test we must apply is whether the original agency investigation would have encompassed the additional charges. *Id.* at 1476. That test cannot be met here, because the administrative investigation of the original charge had already been completed before the alleged sex discrimination and retaliation. The agency never had an opportunity to investigate and conciliate the dispute relating to the discharge, and both federal and Hawaiian law require administrative-remedy exhaustion as a condition precedent to suit. *Brown v. Puget Sound Elec. Apprenticeship & Training Trust,* 732 F.2d 726, 729–30 (9th Cir.1984); *Ross v. Stouffer Hotel Co. (Hawai'i) Ltd.,* 76 Hawai'i 454, 460, 879 P.2d 1037 (1994); *Pele Def. Fund v. Puna Geothermal Venture,* 9 Haw.App. 143, 151, 827 P.2d 1149 (Haw.Ct. App.1992).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.